**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:25-cv-03576-DOC-AJR                          Date:  January 20, 2026
                                                            Page 1 of 3

Title:        Jesus Wilfredo Villar Guerra v. Kristi Noem, et al.

---

DOCKET ENTRY:        **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD**
                     **NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

  Claudia Garcia-Marquez                None                      None  
  Deputy Clerk          Court Reporter/Recorder          Tape No.

ATTORNEYS PRESENT FOR PETITIONER:      ATTORNEYS PRESENT FOR RESPONDENT:

        None Present                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

        On December 4, 2025, Petitioner Jesus Wilfredo Villar Guerra ("Petitioner"), a *pro se* detainee then confined at the Adelanto Detention Center, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.)  The Petition challenged Petitioner's indefinite detention pending removal.  (Id. at 5-6.)  On January 12, 2026, the Court issued an Order Referring Case to the Federal Public Defender to Consider Appointment of Counsel.  (Dkt. 6.)  On January 16, 2026, Respondents filed a Notice of Removal and Suggestion of Mootness (the "Notice").  (Dkt. 8.)  In the Notice, Respondents advised that Petitioner had been removed from the United States.  (Id. at 1.)  Accordingly, Respondents contend that the Petition is moot and this action should be denied for lack of jurisdiction.  (Id.)

        Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  De

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-03576-DOC-AJR                    Date:  January 20, 2026
                                                                                 Page 2 of 3

Title:        Jesus Wilfredo Villar Guerra v. Kristi Noem, et al.

Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

Based on the information provided in the Notice, Petitioner is **ORDERED TO SHOW CAUSE,** by **February 3, 2026**, why this action should not be dismissed for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a response setting forth any reason why this Court has jurisdiction to consider Petitioner's claims in the underlying habeas petition.**

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

If Petitioner agrees that this action should be dismissed for lack of jurisdiction based on mootness, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Court acknowledges that in light of Petitioner's removal from the United States, it has no way of communicating with Petitioner.  The Court previously referred this matter to the Office of the Federal Public Defender to consider appointment of counsel.  The Court will send a courtesy copy of this Order to the Office of the Federal Public Defender.  In the absence of a response from Petitioner or the Office of the Federal Public Defender on Petitioner's behalf, the Court intends to recommend dismissal of this action without prejudice based on mootness and lack of jurisdiction.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.      5:25-cv-03576-DOC-AJR                    Date:  January 20, 2026
                                                                           Page 3 of 3

Title:      <u>Jesus Wilfredo Villar Guerra v. Kristi Noem, et al.</u>

---

        IT IS SO ORDERED.

<u>Attachment:</u>
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).


cc:      Office of the Federal Public Defender
         for the Central District of California
         ATTN:  Jonathan_Aminoff@fd.org